NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-661

JAMES KEOWN

vs.

COMMISSIONER OF CORRECTION & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from a judgment of the Superior Court affirming the denial by the Commissioner of Correction (commissioner) of his application for medical parole. See G. L. c. 127, § 119A.

The case is controlled in material respects by McCauley v. Superintendent, Mass. Correctional Inst., Norfolk, 491 Mass. 571 (2023).[2] In that case, as in this one, no standardized risk assessment was conducted, as required by 501 Code Mass. Regs.

---

[1] Superintendent of the Massachusetts Correctional Institution, Norfolk; and Secretary of the Executive Office of Public Safety and Security.

[2] The decision of the Supreme Judicial Court in McCauley was released after the defendant considered the plaintiff's application, and after the hearing in the Superior Court on the parties' motions for judgment on the pleadings. The judge's memorandum of decision, and the resulting judgment, entered on April 5, 2023, two days after the release of the McCauley decision on April 3.

§ 17.03(7)(d) (2019), as then in effect.[3]  In the present case,
as in McCauley, 491 Mass. at 598, "[d]espite the fact that a
standardized risk assessment is but one relevant factor that the
commissioner could have considered in making her decision, it is
a consideration required by the regulation, and we cannot
acquiesce to its absence."[4]  The matter accordingly is remanded
to the commissioner for a standardized risk assessment,
conforming to the regulations.[5]

We address briefly the plaintiff's claim that the
commissioner improperly denied his request to present certain
video evidence at the hearing on his application.  Passing the
question whether due process considerations apply to his request
to present such evidence, we conclude that the commissioner did
not abuse her discretion in denying him an opportunity to
present the evidence he proposed.  The evidence showed the
defendant in a debilitated state at a time considerably prior to

---

[3] The same requirement appears in the current version of the
regulations in 501 Code Mass. Regs. §§ 17.04(2)-(3) (2022).  The
"risk assessment" conducted by the commissioner in the present
case, and considered by the motion judge, did not utilize a
standardized tool or methodology, a requirement McCauley now
makes clear to be mandatory.

[4] At oral argument, counsel for the commissioner represented that
following McCauley the commissioner now routinely conducts such
a standardized risk assessment in reviewing all applications for
medical parole.

[5] Our remand is compelled by the failure to conduct a
standardized risk assessment, as required by the regulations; it
should in no way be construed to suggest that we question the
commissioner's reasoning, so far as it goes.

2

the date of the hearing.  As such, it was of marginal relevance to rebut video of the plaintiff in a significantly improved condition from the day before the hearing, and the commissioner did not abuse her discretion as hearing officer in denying its admission.  Cf. Carver v. Commissioner of Correction, 491 Mass. 608, 628 (2023) (error to exclude relevant video evidence corroborating reports of incident at issue in hearing).

The judgment of the Superior Court is vacated, and a new judgment shall enter remanding the matter to the commissioner for further proceedings consistent with this memorandum and order.

So ordered.

By the Court (Green, C.J., Neyman & Englander, JJ.[6]),

Assistant Clerk

Entered:  January 4, 2024.

---

[6] The panelists are listed in order of seniority.